HAMILTON, Senior Circuit Judge,
concurring in the judgment:
To seal the court record below, as the district court did, the relevant First Amendment jurisprudence required Company Doe to establish, at a minimum, that a compelling governmental interest would be furthered by granting the motion to seal. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir.1988). Regrettably, Company Doe simply failed to meet this burden, and, for this reason, I am constrained, with reservations, to concur in the judgment. I also vote to deny Company Doe’s motion to dismiss this appeal.
The able and conscientious district judge in this case faced a difficult task: deciding whether Company Doe’s interest in sealing the bulk of the court record overcame the First Amendment interests of the Consumer Product Safety Commission (the Commission), its then chairwoman Inez Tenenbaum in her official capacity (Chairwoman Tenenbaum), and three consumer advocacy groups — Public Citizen, Consumer Federation of America, and Consumers’ Union (collectively the Consumer Groups). The district court believed that sealing the bulk of the record in this case from public consumption preserved, in large measure, the efficacy of the injunctive relief the district court granted Company Doe on the merits of its action against the Commission and Chairwoman Tenenbaum. The district court also understood Company Doe’s interest in preserving its sound reputation and fiscal health as well as its interest in availing itself of its First Amendment right to petition the courts for redress.
The district court’s reasoning founders for the simple reason that it misunderstood the quantum of evidence necessary to trump the First Amendment rights of, for example, the Consumer Groups. Had Company Doe supported its motion to seal with expert testimony establishing a high likelihood that denying its motion to seal would cause it to suffer substantial and irreparable economic harm, the disposition *276 of the present appeal, in my view, would be completely different.
To be sure, the equities here lie with Company Doe. Common sense tells us that some harm will befall Company Doe by the publication of the false and misleading reports at issue in this case. In the electronically viral world that we live in today, one can easily imagine how such publications could be catastrophic to Company Doe’s fiscal health, allowing it never to recover. In such a world, to say that the free flow of ideas will save Company Doe is naive — the game often will be over before it begins. Understandably, the district court was very concerned about the impact these publications would have on Company Doe, both from an economic and overall survival standpoint. However, the First Amendment jurisprudence requires more than a common sense feeling about what harm may befall Company Doe. It requires concrete proof of a high likelihood of substantial and irreparable economic harm. Because Company Doe failed to present such concrete proof to the district court, we are left only with a common sense feeling of what may occur, which simply is not enough to support the sealing of a record. Without a doubt, the district court’s heart was in the right place, and it is regrettable that the majority opinion acknowledges neither the difficult task confronted by the district court, nor the care and genuine concern displayed by such court in ruling on the motion to seal.